UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEANDRO M. PAIGE,

        Petitioner,        1-:13-cv-01729-CL

        v.        REPORT AND RECOMMENDATION

STATE OF OREGON,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging convictions for unlawful use of a firearm, menacing, unlawful possession of a firearm and resisting arrest. Petitioner alleges that the date of the judgment of his convictions is "01/07/07" and that he was sentenced to 5 years imprisonment. Petition (#2) p. 1.

    A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C.

1 - REPORT AND RECOMMENDATION

§§ 2241(c), 2254(a), 2255.; see also, Chacon v. Wood, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied if an un-incarcerated petitioner is subject to restraints not shared by the public generally. See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release prior to service of sentence); Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (release on parole).

An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. See, Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (consecutive sentences); Malenge v. Cook, 490 U.S. 488, 491-92 (1989)(per curiam) (basis for later enhancement).

In this case, petitioner seeks to challenge a February 2, 2007 judgment of conviction for which he was sentenced to 5 years imprisonment. Therefore, petitioner sentence has apparently been completely served or has expired, and petitioner is not in custody for purposes of challenging the convictions he seeks to challenge in this proceeding.

By Order (#5) entered October 3, 2013, petitioner was allowed 30 days to show cause in writing why this proceeding should not be dismissed on the ground that he is not in custody for purposes of

2 - REPORT AND RECOMMENDATION

28 U.S.C. § 2254. Petitioner was advised that failure to show cause as directed herein will result in the dismissal of this proceeding for failure to prosecute.

Petitioner's Response (#12) to the court's order to show cause lists numerous "inconveniences or restrictions placed on a felon" and several "collateral consequences" of felony convictions. However, none of the restrictions listed by petitioner are sufficient to satisfy the "in custody" requirement for purposes of habeas corpus jurisdiction.

Petitioner's Petition (#1) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of

3 - REPORT AND RECOMMENDATION

a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this 11 day of December, 2013.

Mark D. Clarke
United States Magistrate Judge

4 - REPORT AND RECOMMENDATION