IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LEANDRO M. PAIGE,

        Petitioner,

    v.

STATE OF OREGON,

        Respondent.

No. 1:13-cv-1729-CL

ORDER

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Although no objections have been filed, this court reviews legal principles *de novo*. See Lorin Corp. v Goto & Co., Ltd., 700 F.2d 1202, 1206 (8th Cir. 1983).

    Petitioner challenges a 2007 conviction, claiming the prosecutor failed to disclose favorable evidence and his trial

1 - ORDER

attorney was ineffective. For this court to have jurisdiction over the habeas petition, the petition must be "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Because the "in custody" requirement is jurisdictional, it is the first question this court must address. See Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998).

After reviewing the file, I agree with Magistrate Judge Clarke that plaintiff was not in custody when he filed this petition. Petitioner states he was released by the Oregon Department of Corrections in December 2010, and that he is not subject to parole or probation. In response to this court's order to show cause why his petition should not be dismissed for lack of custody, petitioner cites restrictions imposed because of his felony conviction, such as prohibitions against voting and against owning or having access to a firearm. But the restrictions petitioner cites are "typical collateral consequences of a conviction" and are not sufficient to show custody. Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (per curiam) (collateral consequences of felony conviction "include the inability to vote, engage in certain businesses, hold public office, or serve as a juror"). I adopt the Report and Recommendation of Magistrate Judge Clarke.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#13) is adopted. The petition (#1) is dismissed for lack of jurisdiction.

2 - ORDER

If petitioner should appeal, no certificate of appealability will be granted because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

DATED this 4 day of February, 2014.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER